IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

OCTOBER 1998 SESSION

FILED

December 11, 1998

Cecil W. Crowson
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 01C01-9709-CC-00404 |
| Appellee, | ) |
| | ) Giles County |
| V. | ) |
| | ) Honorable Jim T. Hamilton, Judge |
| | ) |
| **KEITH LAMONT SMITH,** | ) (Burglary) |
| | ) |
| Appellant. | ) |

FOR THE APPELLANT:

Hershell D. Koger
Attorney at Law
131 North First Street
P.O. Box 1148
Pulaski, TN 38478

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Elizabeth B. Marney
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

Mike Bottoms
District Attorney General

Stella Hargrove
Richard Dunavant
Assistant District Attorneys General
P.O. Box 304
Pulaski, TN 38478

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

While serving probation for an unrelated prior offense, the appellant, Keith Lamont Smith, was convicted of burglary by a jury of the Giles County Circuit Court. He was sentenced as a persistent offender to the Range III maximum of twelve years' confinement, with his sentence to run consecutively to any revocation of his probation. On this appeal as of right, the appellant argues that his sentence is excessive and that the trial court erred in ordering consecutive sentencing. Finding no reversible error, we affirm the judgment of the trial court.

Following a series of break-ins at the Coca-Cola bottling plant in Pulaski, Tennessee, the local police installed motion detectors and remote alarms throughout the plant. In the course of burglarizing the plant, the appellant tripped one of these alarms. Three Pulaski police officers responded to the alarm and observed the appellant fleeing from the plant. The officers pursued the appellant and ultimately apprehended him from a trash dumpster where he was attempting to hide.

The appellant was indicted for the burglary in which he was apprehended, two prior burglaries of the bottling plant, and three corresponding counts of theft. The state subsequently entered a nolle prosequi to the final charge of theft. The appellant was tried, and the jury returned verdicts of guilty on the burglary in which he was apprehended and not guilty on all remaining charges.

At the sentencing hearing, the state submitted proof of at least six prior felony convictions of the appellant. Based on these convictions, the trial court found the appellant to be a persistent offender. See T.C.A. 40-35-107. The trial court also found applicable the following five statutory sentencing enhancement factors:

(1) The defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range;
(2) The defendant was a leader in the commission of an offense involving two (2) or more criminal actors;
(8) The defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community;
(10) The defendant had no hesitation about committing a crime when the risk to human like was high;
(13) The felony was committed while on any of the following forms of release status if such release is from a prior felony conviction: . . . Probation . . . .

T.C.A. § 40-35-114(1), (2), (8), (10), (13). The appellant proffered two mitigating factors, both of which the trial court rejected:

(1) The defendant's criminal conduct neither caused nor threatened serious bodily injury;
(11) The defendant, although guilty of the crime, committed the offense under such unusual circumstances that it is unlikely that a sustained intent to violate the law motivated the criminal conduct.

T.C.A. § 40-35-113(1), (11). Pursuant to these findings, the trial court sentenced the appellant to the maximum Range III sentence of twelve years.

The appellant argues that this sentence is excessive. He does not challenge the applicability of enhancement factors (1), (8), or (13) or the court's rejection of mitigating factor (11). He does, however, argue that the trial court erred in applying enhancement factors (2) and (10) and in declining to apply mitigation factor (1).

When an accused challenges the length or manner of service of a sentence, it is the duty of this Court to conduct a de novo review on the record "with a presumption that the determinations made by the court from which the appeal is taken are correct." T.C.A. § 40-35-401(d). This presumption "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The appellant carries the

burden of showing that his sentence is improper. See State v. Jernigan, 929 S.W.2d 391, 395 (Tenn. Crim. App. 1996).

The appellant first challenges the trial court's finding that the appellant had no hesitation about committing a crime when the risk to human life was high. See T.C.A. § 40-35-114(10). The trial court stated its basis for applying this enhancement as follows:

> Although this conviction did not involve a weapon or any fight or any bodily injury, anytime that the police have to answer to a call such as that [i.e., a building alarm at night and the apprehension of a fleeing felon] there is a risk of some bodily injury although I'll have to agree with counsel that there was no proof in this case that there was a weapon involved.

To uphold this enhancement on such reasoning would implicate sentence enhancement in virtually every instance that police are called upon to respond to a crime or apprehend a defendant, with no regard for the character of the crime or circumstances. We do not believe that the legislature intended such a result. Thus, we find this basis for imposing the enhancement to be overly broad. Moreover, the enhancement is unsupported by the evidence. The trial court's findings simply do not amount to a high risk to human life absent proof of some additional circumstance. We, therefore, find this issue in favor of the appellant.

The appellant next argues that the trial court erred in finding him to be the leader of an offense involving two of more actors. The appellant argues that "no evidence was presented at trial or sentencing indicating that anyone else was charged in connection with this crime." (emphasis added). While this appears to be accurate, the enhancement statute does not require that multiple offenders be charged--only that there be multiple offenders and that the defendant be a leader. The state introduced such evidence. For example, in his original statement to the police, the appellant implicated two additional persons in the series of burglaries and, more importantly, named one other who was involved in the burglary for which he was convicted. He testified at trial that another person

provided information on how to gain entrance to the bottling plant, thereby further indicating that additional criminal actors were involved. The appellant candidly admitted that the idea for the burglary was his. And, his admission that he arranged sales and took advance orders for the drinks that he intended to steal supports the conclusion that he orchestrated the crime. The trial judge, therefore, had ample evidence upon which to base this enhancement; and we find no abuse of discretion in his decision.

Nevertheless, the appellant further argues that because the trial court did not record findings to support this enhancement during the sentencing phase, the enhancement should not be applied. While the failure to enter findings on the record negates the presumption of correctness otherwise accorded to the trial court, it does not, as the appellant seems to argue, preclude application of the enhancement. Pursuant to our de novo review, we find the above noted evidence sufficient to conclude that the offense involved multiple criminal actors and that the appellant was a leader.

As to mitigating factors, the trial court rejected the appellant's argument that his criminal conduct neither caused nor threatened serious bodily injury. See T.C.A. § 40-35-113(1). As basis for this denial, the trial court reiterated its prior reasoning that anytime the police are called upon to answer an alarm and apprehend a fleeing felon there is "always the possibility of somebody getting hurt." Again, we do not think the evidence supports the sentencing court's finding. "Serious bodily injury" is defined as "bodily injury which involves . . . [a] substantial risk or death; . . . [p]rotracted unconsciousness; . . . [e]xtreme physical pain; . . . [p]rotracted or obvious disfigurement; or . . . [p]rotracted loss or substantial impairment of a function of a bodily member, organ or mental faculty." T.C.A. § 39-11-106(34). The appellant's crime was neither violent nor intrinsically hazardous. In such a case, and absent evidence of some specific hazardous circumstance, we cannot conclude that the appellant's criminal

activity threatened serious bodily injury. Although we do not think this factor is entitled to great weight, we conclude that the trial court erred in not allowing this factor in mitigation.

Finally, the appellant argues that the court erred in imposing consecutive sentencing. Essentially, the appellant argues that the trial judge failed to make proper findings relative to consecutive sentencing and that the court's order for consecutive sentencing was predicated upon an improper statute.[1] The appellant concedes that the conditions of his offense include factors that would warrant consecutive sentencing. He further concedes that the trial court specifically found such factors during the sentencing hearing. He argues, however, that the trial court's recitation of these factors occurred during consideration of enhancement factors rather than relative to the court's order for consecutive sentencing.

The appellant correctly notes that the presumption of correctness accorded to the sentencing court is dependant on proper application of T.C.A § 40-35-115. But it is a great leap to the appellant's conclusion that the negation of this presumption requires reversal of the trial court's otherwise admittedly correct decision. The trial judge clearly made findings during the sentencing hearing that warrant consecutive sentencing, and we will not find the court's order defective simply because he did not restate those findings at each stage of the sentencing hearing. Moreover, even if the appellant's argument were correct, the trial court's failure to state its findings would only remove the presumption of correctness otherwise accorded to the sentencing court. The absence of this presumption would not alter our decision. The appellant is a

---

[1] In ordering consecutive sentencing, the trial judge stated: "I'm going to order that this sentence be served consecutive to the twelve year sentence [for the appellant's prior offense] in the event the probation is revoked . . . . The court is making that ruling under the T.C.A. § 40-35-103 sentencing considerations." That statute states the general sentencing considerations, as opposed to § 40-35-115 which directly authorizes consecutive sentencing upon certain findings. We note, however, that at least one of the trial court's findings under § 40-35-103 would also authorize consecutive sentencing under § 40-35-115(2): "One, the court feels that confinement is necessary to protect society by restraining *this defendant who has a long history of criminal conduct.*" (emphasis added).

career criminal, he has an extensive criminal record, and he was on probation at the time of his offense. <u>See</u> T.C.A. § 40-35-115(b)(1), (2), (6). Thus, he meets at least three of the alternative statutory requirements for consecutive sentencing; and we believe it is appropriate here.

For the reasons stated above, we hold that the trial court erred in its finding that the appellant's crime involved a high risk to human life. We also agree with the appellant that his criminal conduct did not cause or threaten serious bodily injury. Nevertheless, four enhancement factors remain. These four enhancements are clearly and abundantly established and are entitled to significant weight. When balanced against the single mitigating factor, these factors warrant enhancement of the appellant's sentence to the twelve-year statutory maximum.

The judgment of the trial court is affirmed.

_____
PAUL G. SUMMERS, Judge

CONCUR:

_____
JOSEPH M. TIPTON, Judge


_____
JOE G. RILEY, Judge